IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DREW MOSES PATTERSON, JR., | § | |
| (SPN #02530060) | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-15-0903 |
| | § | |
| ADRIAN GARCIA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Drew Moses Patterson, an inmate of the Harris County Jail ("HCJ"), filed a federal petition for a writ of habeas corpus. The threshold issue is whether Patterson's federal petition is subject to dismissal for nonexhaustion. The court concludes that his petition should be dismissed for nonexhaustion.

### I.    Background

On-line research reveals that on August 4, 2013, Patterson was charged with causing an accident involving an injury (Cause Number 1396819). Online research further reveals that on June 4, 2014, Patterson was arrested for evading arrest/detention with a vehicle (Cause Number 1430814), aggravated assault against a public servant (Cause Number 1430815), aggravated assault against a public servant (Cause Number 1430816). and driving while intoxicated (Cause Number 1966051).

Patterson complains that he has been illegally detained on these false charges. Patterson seeks his immediate release from custody.

### II.    Analysis

Liberally construed, Patterson complains that he has been denied his right to a speedy trial

under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI (guaranteeing that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions). The Sixth Amendment right to a speedy trial is applicable to the states pursuant to the Due Process Clause found in the Fourteenth Amendment. *See Klopfner v. North Carolina,* 386 U.S. 213, 222 (1967). The Texas Constitution contains a similar speedy trial guarantee. *See* TEX. CONST. art. I, § 10; *Zamorano v. State,* 84 S.W.3d 643, 647 n.6 (Tex. Crim. App. 2002) (noting that Article I, § 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a speedy and public trial). Patterson seeks his immediate discharge from custody.

The court must consider whether Patterson may seek pre-trial habeas relief on his speedy trial claim. A petitioner may not seek pre-trial habeas relief under 28 U.S.C. § 2254. "[T]hat section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) (quoting 28 U.S.C. § 2254(a) and (b)). Pre-trial petitions are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson,* 816 F.2d at 224; *see also Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484 (1973).[1] Therefore, Patterson's request for speedy trial relief is construed as a claim for pre-trial habeas relief pursuant to 28 U.S.C. § 2241(c).

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson,* 816 F.2d at 224. To be eligible for pre-trial habeas

---

[1]

Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3)[h]e is in custody in violation of the constitution or laws or treaties of the United States."

relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224.  It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c)(3).  Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).  This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

Patterson satisfies the "in custody" requirement.  At the time of filing this action, he was incarcerated at the Harris County Jail.  Though Patterson satisfies the "in custody" requirement, the record reveals that he has not fully exhausted the available state remedies on his speedy trial claim.

The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).

Patterson, according to his pleadings, has not filed a state application presenting the speedy trial claim. His pleadings suggest that he has not pursued a petition for writ of mandamus in the Court of Criminal Appeals. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution). The court's online research confirms that Patterson has not filed a petition for a writ of mandamus in the Texas Court of Criminal Appeals.

Texas has adequate and effective state procedures for obtaining a speedy trial, and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Patterson's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies. The court notes that Patterson has filed a previous federal petition for habeas corpus relief, Civil Action Number 4:15-0869, which was dismissed for nonexhaustion on May 5, 2015. Patterson's speedy trial claim is dismissed for failure to exhaust state remedies.

## III.   Conclusion

Patterson's federal petition for a writ of habeas corpus is DENIED. Patterson's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. All remaining pending motions are DENIED as moot. This case is DISMISSED without prejudice.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to

proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484. Patterson has not made the necessary showing for the issuance of a COA.

SIGNED at Houston, Texas, on ____August 1_____, 2015.


VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE